UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| ANTAWON  JOHNSON, | ) |
| Plaintiff, | ) **VERIFIED COMPLAINT** |
| | ) **JURY TRIAL** |
| -against- | ) **DEMANDED** |
| | ) **CIVIL ACTION No. :** |
| | ) |
| THE CITY OF POUGHKEEPSIE, | ) 22-CV-7385 |
| | ) |
| TROOPER CHRISTOPHER BATTISTA, TROOPER MARCUS RIVERA, | ) |
| TROOPER NICHOLAS  MOLYNEAUX,  and TROOPER JOHN DOE, | ) |
| Individually and as employees of the STATE OF NEW YORK, | ) |
| POLICE OFFICER ROBERT HABERSKI, POLICE OFFICER | ) |
| DAVID VANDEMARK, POLICE OFFICER JOSEPH WHALEN | |

Individually ,

And as employees of the City of Poughkeepsie Police Department,

LORRAINE LEVITAS ,

Individually, and as an employee of the Dutchess County Jail .

Defendants.

_____

Plaintiff, by and through his attorney, Ryanne Konan, complaining of the defendants , respectfully as follows:

## NATURE OF CLAIMS

1.  Plaintiff in the above captioned matter was a victim of  excessive use of force, failure to intervene,

    intentional infliction of emotional distress, when New York State Police Troopers  Christopher

    Battista, Marcus Rivera, Nicholas Molyneaux, and Trooper John Doe, and the City of Poughkeepsie

    Police Department through its officers Robert Haberski, David Vandemark, Joseph Whalen, used

excessive force  on Plaintiff, and failed to intervene on December 8, 2021, thereby causing serious injuries to Plaintiff.

## JURISDICTION AND VENUE

2.  This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution 42 U.S.C. §§ 1983 and 1988, Article I, §12 of the New York State Constitution, and New York common law.

3.  This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367.

4.  Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38 (b).

## PARTIES

6.  Antawon Johnson is a citizen of United States, African American male, currently incarcerated at Dutchess County Jail, 150 North Hamilton Street, Poughkeepsie, New York.

7.  Defendant, City of Poughkeepsie is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City of Poughkeepsie, acting through the City of Poughkeepsie Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Poughkeepsie Police Department Matters and its officers, and was responsible for the appointment, training, supervision, and conduct of all City  of Poughkeepsie Police Department Personnel. In addition, at all relevant times, the City of

2

Poughkeepsie was responsible for enforcing the rules of the City of Poughkeepsie Police

Department and for ensuring that the City of Poughkeepsie Police Department Personnel obeys the

laws of the United States and those of the State of New York.

8. Defendant Trooper Christopher Battista was a New York State Trooper  at the time of the incident

and upon information and belief, a citizen of New York. Trooper Christopher Battista had an office

at 18 Middlebush Rd, Wappingers Falls, NY 12590.

9. Defendant Trooper Marcus Rivera was a New York State Trooper  at the time of the incident and

upon information and belief, a citizen of New York. Trooper Marcus Rivera had an office at 18

Middlebush Rd, Wappingers Falls, NY 12590.

10. Defendant Trooper Nicholas Molyneaux was a New York State Trooper  at the time of the incident

and upon information and belief, a citizen of New York. Trooper Nicholas Molyneaux had an office

at 18 Middlebush Rd, Wappingers Falls, NY 12590.

11. Defendant Trooper John Doe was a New York State Trooper  at the time of the incident and upon

information and belief, a citizen of New York. Trooper John Doe had an office at 18 Middlebush

Rd, Wappingers Falls, NY 12590.

12. Defendant Robert Haberski was a police officer at the City of Poughkeepsie Police Department at

the time of the incident and upon information and belief, a citizen of New York. Officer Robert

Haberski had an office at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

13. Defendant David Vandemark was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer David Vandemark had an office at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

14. Defendant Joseph Whalen was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Joseph Whalen had an office at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

15. LORRAINE LEVITAS is a registered nurse,  and the Health Service Administrator(HSA) at the Dutchess County Jail Medical Department, at the time of the incident and upon information and belief, a citizen of New York.  Lorraine Levitas (HAS) has an office at the medical department of Dutchess County Jail, located at 150 North Hamilton Street, Poughkeepsie, New York

## **FACTUAL ALLEGATIONS**

16. On December 8, 2021, Antawon Johnson (Plaintiff hereinafter) was at 551 Main Street, Poughkkeepsie, New York, around 8:00 pm, in a parked vehicle, when New York State Police Troopers  Christopher Battista, Marcus Rivera, Nicholas Molyneaux, and Trooper John Doe, and City of Poughkeepsie Police Officers Robert Haberski, David Vandemark, Joseph Whalen, pulled up, and arrested, and put Plaintiff in handcuffed for suspected weapon possession. While Plaintiff was in handcuffed, on the floor, Trooper John Doe punched Plaintiff in his face and eyes, thereby causing Plaintiff serious injuries to the head. Troopers  Christopher Battista, Marcus Rivera, Nicholas Molyneaux, and Trooper John Doe, and City of Poughkeepsie Police Officers Robert Haberski, David Vandemark, Joseph Whalen, participated in the assault,  and also just stood there,

4

and although the officers had a reasonable opportunity to stop and prevent Trooper John Doe from assaulting Plaintiff, they failed to do so.

17. Although Plaintiff had suffered serious injuries to his eyes, the officers took Plaintiff to the police station first  for processing, while Plaintiff needed serious medical attention.  This delayed considerably the urgent medical attention and needs.

18. The medical doctor ruled  Plaintiff needed an emergency surgery, however, the medical department has not taken Plaintiff for his surgery.

19. Plaintiff filed a grievance, and HAS Levitas replied that the specialist told her the surgery could wait for 4 to 6 weeks from May 24, 2022. At this time, Plaintiff has still not been taken for his medical appointment.

20. As a direct and proximate result of Defendants' excessive force, assault and battery, and failure to intervene, as well as the deliberate indifference to serious medical need,  Plaintiff has suffered physical and reputational injury,  loss of job opportunity, loss of  career, attorney's fees, and severe emotional harm.

21. Plaintiff,  filed a sworn notice of claim on February 11, 2022, within 90 days after the claims alleged herein arose. The notice was served on Defendants.

22. At least 30 days has elapsed since Plaintiff served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

## FOR THE FIRST CAUSE OF ACTION
Excessive Use of Force
42 U.S.C. § 1983

23. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 16-22 of this Complaint with the same force and effect as if fully set forth herein.

24. That Officer Defendant John Doe hit Plaintiff in his face thereby causing an orbital fracture behind Plaintiff's left eye.

25. That Plaintiff was handcuffs, was not armed, and did not pose a threat to the Officer Defendant nor did Plaintiff pose a threat to the public or to himself.

26. That the Officer Defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

27. That Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

28. That Officer Defendants used force on Plaintiff more than once.

29. That the officers did not have to use force on Plaintiff because Plaintiff was handcuffed.

30. That the officers assaulted and battered Plaintiff and use unnecessary and excessive force against Plaintiff.

31. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

32. By Using unnecessary and excessive force on Plaintiff, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SECOND CAUSE OF ACTION
Failure to Intervene

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 23-32 of this Complaint with the same force and effect as if fully set forth herein.

34. That the City of Poughkeepsie Police Officers and the New York State Troopers observe John Doe State Trooper striking Plaintiff using objectively unreasonable and excessive force on Plaintiff.

35. That the Officer Defendants failed to intervene and prevent John Doe from using unreasonable force on Plaintiff although they had the opportunity to do so.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE THIRD CAUSE OF ACTION
First Amendment-Freedom of Speech

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 35-35 of this Complaint with the same force and effect as if fully set forth herein.

37. That Plaintiff did not engage in disorderly conduct .

38. That acts of the officer defendants  violated Plaintiff's right to free expression in violation of the First Amendment, enforceable through 42 U.SC. 1983.

   **WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE FOURTH CAUSE OF ACTION
Fourteenth Amendment-Deliberate Indifference to Serious Medical Need against all Officer Defendants

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 36-38 of this Complaint with the same force and effect as if fully set forth herein.

40. That the officer defendants observed and were informed that Plaintiff suffered serious injuries; Plaintiff was bleeding on his face and complaining of pain in his eyes and head.

41. It would have been obvious to a lay person and was or should have been obvious to the officer defendants that Plaintiff's injuries required prompt, immediate medical attention.

42. However, instead of transporting Plaintiff immediately to the emergency room, the officer defendants transported Plaintiff to the City of Poughkeepsie Police Station for processing, which took a considerable time thereby delaying medical care to Plaintiff.

43. That the acts and omissions were deliberately indifferent to the Plaintiff's serious medical needs, thereby depriving him of due process under the Fourth Amendment or constituted an unreasonable seizure under the Fourth Amendment, enforcement through 42 U.S.C. 1983.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### <u>FOR THE FIFTH CAUSE OF ACTION</u>

Fourteenth Amendment-Deliberate Indifference to Serious Medical Need against HAS Lorraine Levitas

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 39-43 of this Complaint with the same force and effect as if fully set forth herein.

45. That Plaintiff had a diagnosis of left orbital floor fracture  on December 8, 2022.

46. That  a surgery was recommended  by numerous doctors on May 3, 2022.

47. That Plaintiff's injuries were getting worse and painful.

48. That Plaintiff needed and still need an immediate and urgent surgery due to the fracture.

49. That Plaintiff has not received any medical treatment to alleviate his pain and suffering.

50. That HAS Levitas knew and had reasons to know that there was an excessive risk of Plaintiff's health, and disregarded the risk.

51. That Plaintiff filed several grievances.

52. That HAS Levitas  did not take Plaintiff's medical needs seriously.

53. That HAS Levitas  was deliberately indifferent to Plaintiff's health by failing to schedule Plaintiff for his surgery.

54. That the acts and omissions were deliberately indifferent to the Plaintiff's serious medical needs, thereby depriving him of due process under the Fourth Amendment or constituted an unreasonable seizure under the Fourth Amendment, enforcement through 42 U.S.C. 1983.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SIXTH CAUSE OF ACTION
Assault & Battery against the City of Poughkeepsie Defendants
New York State Constitution, art. I, § 12

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 44-54 of this Complaint with the same force and effect as if fully set forth herein.

56. That the officers had physical contact with Plaintiff, and struck him in the face.

57. That individual Officer Defendants wrongfully and illegally placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

58. That the aforesaid acts were unprivileged.

59. The unlawful acts of the officer defendants were taken within the scope of their employment.

60. The unlawful acts of the City of Poughkeepsie Defendants were the direct, proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### SEVENTH CAUSE OF ACTION
Municipal Liability under 42 U.S.C. § 1983
(Against The City of Poughkeepsie )

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 55-60 of this Complaint .

62. The Municipality at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy ,custom or practice involves:

   a) The use of objectively unreasonable and excessive force on detainees and arrestees.

   b) Disorderly conduct arrests without probable cause, often only because the arrestee was protesting police conduct or did not want to cooperate.

   c) Overcharging arrestees with resisting arrest and assault on a police officer when they were simply being uncooperative.

   d) The arrestees receiving serious injuries  including but not limited to physical injuries ,but the officers not being injured during such encounters.

   e) Prosecutors declining to pursue such charges, demonstrating that the charges were meritless.

   f) The Municipality Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

The above-described policy, custom, or practice was the direct, proximate cause of officer Defendants violating Plaintiff's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. 1983.

11

**WHEREFORE**, the Plaintiff seeks judgment against the Municipality in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.


## FOR THE EIGHTH  CAUSE OF ACTION
Intentional Infliction of Emotional Distress under New York State Law
(Against City of Poughkeepsie Officer Defendants)


63. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 61-62 of this Complaint with the same force and effect as if fully set forth herein.


64.   That the officer defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.


65.   That the officers punched and struck Plaintiff  in the face, thereby causing him a facial fracture.


66.   That the officer defendants refused to intervene and prevent the excessive force used against Plaintiff.


67.   That the officer defendants detained Plaintiff, and took him for booking instead transporting Plaintiff's to the hospital for his immediate and serious medical needs.

68.   That Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

69.   That the conduct of the officers defendants was extreme and outrageous and was intended to cause and did cause severe emotional distress.

70.   That the acts and omissions of the officer defendants were taken within the scope of their employment.

71. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

**WHEREFORE**, the Plaintiff seeks judgment against the Municipality in the amount of One

Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.


## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.


Dated:  At Wappingers Falls, New York
          August 27, 2022

                                                    By: _____/s/ryannekonan_____

                                                         Ryanne Konan, Esq.
                                                         4 Marshall Road, Suite 107
                                                         Wappingers Falls, NY 12590
                                                         Tel: (845) 309-3432
                                                         Fax: (845) 231-0508