Scott D. Bergin
Richard R. DuVall
Lance N. Portman
Richard J. Olson
Matthew V. Mirabile
Kimberly Hunt Lee
Rebecca M. Blahut
Daniel C. Stafford
Thomas J. Cummings
Tinamarie Fisco
Nicholas Tarkazikis

*Of Counsel*
David L. Posner
Ellen L. Baker
Hon. Albert M. Rosenblatt
Mary E. Tokarz

John E. Mack *1874-1958*
Joseph A. McCabe *1890-1973*
Edward J. Mack *1910-1998*
Joseph C. McCabe *1925-1981*
J. Joseph McGowan *1936-2022*



mccm.com

Direct Dial: (845) 486-6874
E-mail: dposner@mccm.com

September 30, 2022

**VIA ECF**
Hon. Cathy Seibel
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:   Johnson v. City of Poughkeepsie, et al
      22-CV-7385-CS
      Our File No. 5050-189

Dear Judge Seibel:

This office represents the City of Poughkeepsie and its three police officer defendants, Haberski, Vandemark and Whalen. I write pursuant to Your Honor's rules seeking a pre-motion conference as they desire to move to dismiss the complaint as it relates to them.

Mr. Johnson alleges excessive force, failure to intervene, a denial of medical care, as well as a First Amendment violation with respect to his treatment when arrested on December 8, 2021. There is also a Monell claim against the City and a denial of medical care claim against the nurse in charge of delivery of medical services at the Dutchess County Jail. The defendant officers from the City of Poughkeepsie police force and co-defendant NYS Troopers were present when he was arrested.[1]

**Excessive Force** - At ¶¶16, 24 and 34 the complaint makes the specific allegation that Trooper John Doe "punched plaintiff in his face and eye". This is the only specific act of excessive force alleged. All other defendants are alleged to somehow have "participated" in this assault (¶16) or, through disfavored

---

[1] The complaint does not challenge plaintiff's arrest nor even mention his subsequent prosecution and contains no Fourth or Fourteenth Amendment claims with respect to them such as false arrest, malicious prosecution or fabrication of evidence.

"group" pleading "used [unspecified] force" on plaintiff (¶28) which they "did not have to" and which was "unnecessary and unreasonable" (¶¶29-30).

Given the explicit allegation against a Trooper which is the sole source of plaintiff's facial injury, the complaint must allege other specific acts by these individual defendants to plausibly suggest they utilized excessive force on plaintiff. Otherwise, the above generic allegations about them are no more than conclusory containing nothing but the basic elements of the cause of action which is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Given the complaint does not challenge the propriety of plaintiff's arrest, the officer defendants were permitted to use their hands to restrain, cuff and frisk plaintiff at the scene. Something more than this level of contact must be alleged against those who did not punch plaintiff to state a claim that they used excessive force. The excessive force and common law assault and battery claims are thus subject to dismissal for failure to state claims.

**Failure to Intervene** - In order for there to be a viable cause of action against a law enforcement officer for failure to intervene to stop the excessive force of another, the officer must be able to recognize the conduct of his or her fellow officer was unconstitutional and that there was a reasonable amount of time to act and prevent or stop it. Anderson v. Branen, 17 F.3d 552 (2d Cir., 1994); O'Neill v. Krzeminski, 839 F.2d 9,11-12 (2d Cir., 1988). In O'Neill, where three punches were delivered in rapid succession, the court held a failure to intervene claim would not lie as the other officers would not have a reasonable time to prevent it. See also, Figeuroa v. Mazza, 825 F.3d 89, 107 (2d Cir., 2016).

The complaint here alleges no more than a spontaneous punch by Trooper Doe with nothing but boilerplate allegations that these defendants had time to intervene, again alleging no more than the basic elements of a failure to intervene cause of action against them which was ruled insufficient in Ashcroft.

**Denial of Medical Care** - The complaint alleges Mr. Johnson needed medical care as a result of the punch but rather than take him to the hospital he was taken to the police station. (Compl. ¶¶17, 40-42). It also alleges the "medical doctor" believes he needs surgery but the medical department has not taken him for surgery (¶18). These allegations refer to co-defendant Levitas, the Administrator of Dutchess County Jail's medical department (¶15) and would have nothing to do with the police defendants. Moreover, the complaint alleges surgery was recommended on May 8, 2022 but he has not yet received it (¶¶46-48). The plaintiff's notice of claim, which can be considered in evaluating the sufficiency of the complaint, reveals he was "instantly taken to Mid Hudson Regional Hospital" from the police station. See Hazan v. City of New York, 98 CV 1716 (LAP) 1999 U.S. Dist. LEXIS 10499 *17-18 (SDNY, July 9, 1999); Peralta v. City of New York, 21 CV 6395 (JMF) 2022 U.S. Dist. LEXIS 127136 *9 (SDNY, July 18, 2022). Thus the police defendants took him to a hospital from the police station shortly after his arrest where he received medical evaluation and care. From there he was in the care of the medical personnel at the Dutchess County Jail and no longer these defendants. While plaintiff simply characterizes defendants as delaying his receipt of medical care, this alone does not plausibly state a Fourteenth Amendment claim under Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir., 2017). Whether the time between when defendants left the scene with plaintiff until he was at the hospital was 30 or 90 minutes, being taken for medical care "immediately" upon arrival at the police station satisfies the constitutional requirement that adequate medical care be made available to arrestees. Clearly there was

September 30, 2022
Page 3

no "significant delay" in providing care. See Ricks v. O'Hanlan, 07 CV 9849 (WHP) 2010 U.S. Dist. LEXIS 4189 *21-22 (SDNY, January 19, 2010) finding no deliberate indifference occasioned by a 2 to 3 hour delay and favorably citing cases that found 4 hours between arrest and care and 90 minutes between these milestones also did not violate the duty to provide medical care to an arrestee. As a result, the denial of medical care claim against these defendants is subject to dismissal.

**Monell** - The Monell claim against the City is simply a collection of boilerplate phrases regarding City policies. (¶62). There are no facts alleged supporting a claim that anything that occurred to plaintiff was as a result of a City policy, practice or custom and this cause of action is subject to dismissal.

**First Amendment** - The complaint contains no allegations with respect to any protected First Amendment activity by plaintiff or that the police arrested him because of any speech. It alleges he was suspected of possessing a weapon (¶16). The third cause of action simply alleges he did not engage in disorderly conduct (¶37). The complaint does not even allege he was arrested without probable cause. Nieves v. Bartlett, 139 S.Ct. 1715 (2019). This cause of action also fails to state a claim.

As a result, the defendants request that the court schedule a pre-motion conference, or waive same, to discuss the defendants' motion and establish a briefing schedule.

Respectfully yours,

McCABE & MACK LLP

DAVID L. POSNER

DLP/dmf
cc:    Ryanne Konan, Esq./Ryanne Konan Law Office and Legal Services