**BARCLAY DAMON**LLP

**Paul A. Sanders**
*Partner*

November 8, 2022

**VIA CM/ECF**
Hon. Cathy Seibel
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:     Antawon Johnson v. The City of Poughkeepsie, et al.
               Civil Action No.: 22-CV-7385
               Our File No.:  3201033

Dear Judge Seibel:

      We represent Defendant Lorraine Levitas ("Nurse Levitas"), Health Service Administrator at the Dutchess County Jail ("DCJ"). In accordance with Your Honor's Individual Practices in Civil Cases, we respectfully request a conference to discuss leave to file a pre-answer motion to dismiss the Verified Complaint of Plaintiff Antawon Johnson ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

      Plaintiff alleges a single claim against Nurse Levitas – the Fifth Cause of Action for 42 U.S.C. 1983 deliberate indifference – based upon a purported delay in obtaining surgery following a left orbital floor fracture. Comp. ¶¶ 45-47.  The factual allegations in Plaintiff's Complaint, however do not state a cognizable claim against Ms. Levitas.

      Preliminarily, Plaintiff admits Nurse Levitas is a mere registered nurse who works in an administrative capacity at DCJ. Comp ¶ 15. Plaintiff asserts that following an altercation he had with Co-Defendant police officers, he injured the orbital floor of his eye. Plaintiff further asserts that an unknown medical provider said he required surgery (but Plaintiff had yet to undergo the surgery). Comp ¶ 18.[1]  There are few specific facts alleged pertaining to Nurse Levitas; Setting aside vague, conclusory assertions, the only specific factual allegation is:

> Plaintiff filed a grievance, and HAS (*sic*) Levitas replied that the specialist told her the surgery could wait for 4 to 6 weeks from May 24, 2022.

---

[1] Plaintiff does not identify in Complaint ¶18 the date upon which he had not yet received surgery. Plaintiff also does not allege the identity of the medical provider who said he needed surgery or the facility in which they practice.

2000 Five Star Bank Plaza - 100 Chestnut Street - Rochester, New York 14604  barclaydamon.com
PSanders@barclaydamon.com  Direct: (585) 295-4426  Fax: (585) 295-8422
25328505.1

Hon. Cathy Seibel
November 8, 2022
Page 2

Comp ¶ 19.  Critically, Plaintiff does not allege he was ever actually treated by Ms. Levitas, only that she responded to a grievance based upon what she was "told" by the "specialist" – which is consistent with Plaintiff's allegations that she operated in a mere administrative capacity.

It is well settled that to establish subjective deliberate indifference (culpable state of mind) under the Fourteenth Amendment Due Process Clause, an inmate "must prove that the defendant[] acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed…". *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). "[W]ithout more, '[a]llegations of negligent treatment and misdiagnosis do not state a cause of action under the Eighth [or Fourteenth] Amendment.'" *Harris v. Westchester County Med. Ctr.*, 2011 U.S. Dist. LEXIS 72566, *9 (S.D.N.Y. July 6, 2011); see *Figueroa v. County of Rockland*, 2018 U.S. Dist. LEXIS 112011, *14-15 (S.D.N.Y. July 5, 2018) ("Medical malpractice, misdiagnosis and the decision not to treat based on an erroneous view that the condition is benign or trivial does not rise to the level of deliberate indifference.").

Again, the only factual allegation is that Nurse Levitas conveyed, in response to a grievance, what a specialist told her regarding Plaintiff's surgery.  This does not state a claim on its face.  At most, Plaintiff appears to insinuate Nurse Levitas was responsible for overriding the specialist's opinion to effectuate Plaintiff's favored surgical treatment plan.  However, as a matter of law, a registered nurse (especially an administrative nurse) has no authority to modify or change treatment ordered by a provider.  *Johnson v. Brown*, 2022 U.S. Dist. LEXIS 86108 (N.D.N.Y. May 12, 2022); *Jones v. Vadlamudi*, 2015 U.S. Dist. LEXIS 18497, *7 (N.D.N.Y. Feb. 17, 2015) (nurse administrator was not personally involved in the alleged constitutional deprivation because she did not have the authority to order or change treatment); *Emerson v. N.Y. State Dept. of Corr. Servs.*, 2011 U.S. Dist. LEXIS 116377, *38 (N.D.N.Y. Sep. 9, 2011) ("The claims against defendant [nurse] would also be subject to dismissal because, as a nurse, she lacked the authority to override the medical decision of the treating prison physician. . . The failure of non-doctors at a prison to intercede in the medical treatment of an inmate is not unreasonable, because they lack the authority to intervene in medical decisions." (citing to *Cuoco v. Mortisugu*, 22 F.3d at 11 (2d Circ. 2000)); *Crawford v. Cattaraugus Cnty.*, 2016 U.S. Dist. LEXIS 102648 (W.D.N.Y. August 4, 2016) (action against defendant nurse "must be dismissed" because she had no authority to make decisions about the inmate's care); *Hall v. Dep't of Corr. Med. Dep't*, 2021 U.S. Dist. LEXIS 128405 (S.D.N.Y. July 8, 2021) (allegations that non-doctor defendants "could have engaged in actions to expedite surgery" are "insufficient to plausibly allege personal involvement".)

As a registered, administrative nurse, not a medical doctor or high level provider, Nurse Levitas has no authority to override the specialist's order and immediately procure surgery. To the contrary, Nurse Levitas is duty bound to rely entirely on providers for treatment instructions. Decisions as to whether surgery is necessary and the timing of surgery are at the province of physicians who examine and evaluate inmates and issue treatment orders. Indeed, the facts alleged by Plaintiff are even less problematic than those at issue in the above-cited cases as Plaintiff does not allege Nurse Levitas was a treating nurse; rather, Plaintiff admits she was an administrator that merely relayed what she was told by the "specialist".

25328505.1

Hon. Cathy Seibel
November 8, 2022
Page 3

In sum, as a matter of law, Nurse Levitas did not (and could not) harbor the type of reckless intent required for Plaintiff to establish his Fourteenth Amendment claim. Plaintiff cannot show that Ms. Levitas "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed. . . even though the defendant official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell, supra.*

Further, Plaintiff does not allege an objective serious medical need. While, in a conclusory manner, Plaintiff's describes the surgery as "emergency surgery", Plaintiff does not allege the severity of the fracture or any specifics as to the nature of the surgery. Plaintiff acknowledges the specialist said the surgery could wait 4 to 6 weeks. Regardless, to the extent Plaintiff alleges a delay in treatment, such is insufficient to establish the objective prong as Plaintiff does not allege the delay caused an objective serious injury or exacerbation. Where an inmate alleges the "denial of medical care based on a temporary delay or interruption in treatment," courts look to "the severity of the temporary deprivation alleged by the prisoner," not "the severity of the prisoner's underlying medical condition." *Valencia v Westchester County*, 2020 U.S. Dist. LEXIS 44645, *8 (S.D.N.Y. Mar. 13, 2020) (citing *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)). It is well settled that the objective prong is not met "where the alleged delay in providing medical attention is neither the underlying cause of a plaintiff's condition nor contributed to a worsening in the condition." *Cuffee v. City of New York*, 2017 U.S. Dist. LEXIS 31604, *25 (S.D.N.Y. Mar. 3, 2017) (collecting cases). Plaintiff does not allege any delay caused or worsened his eye injury.

For these reasons, the allegations in Plaintiff's Complaint fail to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant respectfully requests a conference with the Court in anticipation of filing a pre-answer motion to dismiss the Complaint, or in the alternative, that the Court dispense with the requirement of a conference and permit the filing of the motion. Thank you for Your Honor's consideration of this request.

Respectfully submitted,

Paul A. Sanders

cc:    Ryanne Konan, Esq. (via CM/ECF)
       David L. Posner, Esq. (via CM/ECF)
       Kimberly Hunt Lee, Esq. (via CM/ECF)
       Andrew Blancato, Esq. (via CM/ECF)

25328505.1