IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Johnson v. City of Poughkeepsie et al 22-cv-7385-CS | |
| **THIS DOCUMENT RELATES TO:** *Defendants' Letters of September 30,2022 and of November 8,2022* | **Plaintiff's Response** |

<u>Via ECF</u>

Hon. Cathy Siebel
United States District Court Judge
300 Quarropas Street
White Plains, NY 10601-4150

Dear Judge Siebel,

My office represents the Plaintiff in the above stated matter. I am in receipt of Defendants City of Poughkeepsie and Levitas' letter-motion.
**City of Poughkeepsie Defendants**

First , I would like to inform the Court that Plaintiff also had surgery on his finger. So, the complaint will be amended accordingly.
**Excessive Force**: The complaint clearly alleges that the officers defendants participated in the assault of Plaintiff. Plaintiff was assaulted, and suffered serious injuries. The officers used an amount of force.

> It is well settled that the purpose of a Rule 12(b) (6) motion to dismiss is not to decide the merits of the case but rather to test the sufficiency of the complaint. In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in the Complaint and draws all reasonable inferences in his favor. <u>Chambers v.Time Warner Inc</u>., 282 F.3d 147, 152 (2d Cir. 2002).To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing a short and plain statement of the claim showing that the pleader is entitled to relief such that the defendant is given fair notice of what claim is and the grounds upon which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

It is further well settled law that the Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that amendment's reasonableness standard. <u>Brown v. City of New York</u>, 798 F. 3d 94, 100 (2d Cir. 2015). A police officer's use of force is excessive in violation of the Fourth Amendment if it is objectively unreasonable in light of the facts and circumstances known to the officer<u>. Lennon v. Miller</u>, 66 F. 3d 416, 425-26 (2d Cir. 1995).

Here, the Complaint clearly alleges that Plaintiff was assaulted by the officers, and he sustained a fracture. This is not the deposition stage. Plaintiff cannot always remember what each of the

officers did, especially when there are multiple officers wearing similar uniforms. Plaintiff states that he was punched in the face , and the officers participated in the assault. Comp¶8.

**Failure to Intervene**

Here, the City Defendants are actually testifying. This is the stage of allegations. In fact, Defendants testify that the punches were delivered in rapid succession. However, how do they know in here that the punches were delivered in rapid succession? Plaintiff clearly alleged that he was punched in the face, and the officers participated in the assault. Defendants cite Anderson v. Branen, 17 F. 3d 552 (2d Cir. 1994); however, how the City Defendants' know that there was not enough time to react? Are they testifying to that ? Plaintiff was punched in the face by several officers; and did not describe in the Complaint whether it was in slow motion or whether the assault took a considerable amount of time. This is a discovery issue.

**Denial of Medical Care**

The leading case is Salahuddin v. Goord, 647 F. 3d 263, 279-80 (2d Cir. 2006). There, the Court stated that there were two inquiries to make in determining the existence of denial of medical care: First, whether the prisoner was actually deprived of adequate care, and second whether the inadequacy in medical care is sufficiently serious. The seriousness of a medical condition includes whether a reasonable doctor or patient would find it important and working comment and whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain. Chance v. Armstrong, 143 F. 3d 698, 702 (2d Cir. 1998). Also in W.v. City of New York, No. 13 CIV. 5155 PAE, 2014 WL 4290813, at *5 (S.D.N.Y. Aug 28, 2014), two hours hour delay in providing treatment for person sprayed with mace satisfies deliberate indifference test. Here, Plaintiff's medical condition was serious, and needed immediate medical treatment. Plaintiff alleges that there was a delay. Because no testimony has been taken at this moment, we cannot determine the amount of the delay. Plaintiff's notice of claim is not in evidence here, and plaintiff was not represented when he filed his notice of claim. Once again, Defendants are testifying. Defendants want Plaintiff to estimate the delay in his complaint. This is erroneous.

**Monell Claim**: Plaintiff was a victim of excessive force, which is mentioned in the City's policies.

**First Amendment**: Defendants are making a confusion here. Plaintiff has alleged an excessive force claim, and stated that he was attacked, battered because of his speech, which was to stay quiet. It is not about being arrested without probable cause.

**Defendant Loraine Levitas**

The complaint alleges that is a registered nurse(RN), and the Health Service Administrator(HSA) of the Dutchess County Jail. As such she handles the schedule of outside treatments for prisoners . She answered Plaintiff's grievance concerning his medical treatment. RN Loraine Levitas is not a mere RN, and is sued in her capacity as an HSA. She works for the medical department, and is in charge of scheduling outside treatment required, which she failed to do. Again no one is

asking her to override a doctor's schedule. Again, Defendant is testifying. No doctor stated that he was not available to do the surgery. The doctor was ready to do the surgery on May 3, 2022, however, Defendant disregarded it. Comp¶¶ 44-54. This is not about Defendant Levitas' failure to provide treatment but her failure as HSA to schedule Plaintiff's surgery while the doctors were available to do the surgery. Unless an affidavit from the doctors is provided stating that they were not available for the surgery, the allegation must be upheld.

What is appalling is the fact that Defendant Levitas state Plaintiff do not allege the severity of the fracture. Is there really a nonserious fracture? Or a nonserious surgery?

In any event, Plaintiff stated that he suffered an orbital fracture behind Plaintiff's left eye. Comp¶ 24.

Plaintiff will amend his complaint to include his finger fracture, and his pendent state claims.

Dated: November 10, 2022

Respectfully submitted,

cc: *Via Ecf*

/s/ryannekonan

Paul A. Sanders, Esq.
David L. Posner, Esq.
Andrew Blancato, Esq.

RYANNE G. KONAN, ESQ.
4 MARSHALL ROAD
SUITE 107
WAPPINGERS FALLS, NY 12590

3