UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| ANTAWON  JOHNSON, | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| | ) |
| THE CITY OF POUGHKEEPSIE, | ) |
| TROOPER CHRISTOPHER BATTISTA, TROOPER MARCUS RIVERA, | ) |
| TROOPER NICHOLAS  MOLYNEAUX,  and TROOPER JOHN DOE, | ) |
| Individually and as employees of the STATE OF NEW YORK, | ) |
|  POLICE OFFICER ROBERT HABERSKI, POLICE OFFICER | ) |
| DAVID VANDEMARK, POLICE OFFICER JOSEPH WHALEN | ) |
|  Individually , | |
| And as employees of the City of Poughkeepsie Police Department, | |
| LORRAINE LEVITAS , | |
| Individually, and as an employee of the Dutchess County Jail . | |
| Defendants. | |

**FIRST AMENDED
COMPLAINT
JURY TRIAL
DEMANDED
CIVIL ACTION No. :**

22-CV-7385

_____

Plaintiff, by and through his attorney, Ryanne Konan, complaining of the defendants , respectfully as follows:

<u>**NATURE OF CLAIMS**</u>

1.  Plaintiff in the above captioned matter was a victim of  excessive use of force, intentional infliction of emotional distress, battery and assault, when New York State Police Troopers  Christopher Battista, Marcus Rivera, Nicholas Molyneaux, and Trooper John Doe, and the City of Poughkeepsie

Police Department through its officers Robert Haberski, David Vandemark, Joseph Whalen, used excessive force on Plaintiff, on December 8, 2021, thereby causing serious injuries to Plaintiff.

## JURISDICTION AND VENUE

2. This action arises under the Fourth, Fifth , Eighth and Fourteenth Amendments to the United States Constitution actionable under 42 U.S.C. §§ 1983 and 1988, Article I, §12 of the New York State Constitution, and New York common law.

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38 (b).

## PARTIES

6. Antawon Johnson is a citizen of United States, African American male, currently incarcerated at Dutchess County Jail, 150 North Hamilton Street, Poughkeepsie, New York.

7. Defendant, City of Poughkeepsie is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City of Poughkeepsie, acting through the City of Poughkeepsie Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Poughkeepsie Police Department Matters and its officers, and was responsible for the appointment, training, supervision, and conduct of all City of Poughkeepsie Police Department Personnel. In addition, at all relevant times, the City of Poughkeepsie was responsible for enforcing the rules of the City of Poughkeepsie Police

Department and for ensuring that the City of Poughkeepsie Police Department Personnel obeys the laws of the United States and those of the State of New York.

8.  Defendant Trooper Christopher Battista was a New York State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper Christopher Battista had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

9.  Defendant Trooper Marcus Rivera was a New York State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper Marcus Rivera had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

10. Defendant Trooper Nicholas Molyneaux was a New York State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper Nicholas Molyneaux had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

11. Defendant Trooper John Doe was a New York State Trooper at the time of the incident and upon information and belief, a citizen of New York. Trooper John Doe had an office at 18 Middlebush Rd, Wappingers Falls, NY 12590.

12. Defendant Robert Haberski was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Robert Haberski had an office at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

13. Defendant David Vandemark was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer David Vandemark had an office at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

14. Defendant Joseph Whalen was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Joseph Whalen had an office at 62 Civic Center Plaza, Poughkeepsie, NY 12601.

15. LORRAINE LEVITAS is a registered nurse,  and the Health Service Administrator(HSA) at the Dutchess County Jail Medical Department, at the time of the incident and upon information and belief, a citizen of New York.  Lorraine Levitas (HAS) has an office at the medical department of Dutchess County Jail, located at 150 North Hamilton Street, Poughkeepsie, New York

## **FACTUAL ALLEGATIONS**

16. On December 8, 2021, Antawon Johnson (Plaintiff hereinafter) was at 551 Main Street, Poughkkeepsie, New York, around 8:00 pm, in a parked vehicle, when New York State Police Troopers  Christopher Battista, Marcus Rivera, Nicholas Molyneaux, and Trooper John Doe, and City of Poughkeepsie Police Officers Robert Haberski, David Vandemark, Joseph Whalen, pulled up next to the vehicle he was in. City of Poughkeepsie Police Officers Robert Haberski, David Vandemark, Joseph Whalen , asked Plaintiff to put his hands up, and to exit the vehicle. Plaintiff complied, and while Plaintiff was exiting the vehicle with his hands up, Trooper John Doe punched Plaintiff in his face and eyes. At the same time, City of Poughkeepsie Police Officers Robert Haberski, David Vandemark, Joseph Whalen seized Plaintiff, threw him on the floor with violence, with force ,and put Plaintiff in handcuffed for suspecting Plaintiff of weapon possession. Plaintiff

4

landed on his hand, thereby breaking his left middle finger. While Plaintiff was standing by the driver side door with his hands up , and was in the hands of the City of Poughkeepsie Police Officers, Trooper John Doe came, and punched Plaintiff in his face and eyes, thereby causing Plaintiff serious injuries to the head.

17. Although Plaintiff had suffered serious injuries to his eyes, the officers took Plaintiff to the police station first for processing, while Plaintiff needed serious medical attention. This delayed considerably the urgent medical attention and needs. Plaintiff was arrested at 8:00pm, however, Plaintiff did not get to the hospital up until between 11:30 pm and 12 pm.

18. The medical doctor diagnosed Plaintiff with an orbital fracture and also a middle left finger fracture at the hospital. The medical doctor upon information and belief, represented to Plaintiff that these fractures do not usually require surgery, however, because it took over hours for Plaintiff to report to the hospital, surgery would be required for both fractures.

19. The medical doctor ruled Plaintiff needed an emergency surgery, and the Dutchess County Jail Medical Department was informed of Plaintiff's medical condition. However, HSA Levitas, who is in charge of scheduling medical treatment at the Dutchess County Jail Medical Department did not schedule Plaintiff for his surgery in order to alleviate his extreme pain.

20. Plaintiff filed a grievance, and HSA Levitas replied that the specialist told her the surgery could wait for 4 to 6 weeks from May 24, 2022. However, when Plaintiff met with the doctors, the doctors told him they were ready to do the surgery on May 3, 2022. In September 2022, Plaintiff had still not been taken for his medical appointment. Plaintiff filed several grievances.

21. As a direct and proximate result of Defendants' excessive force, assault and battery, as well as the deliberate indifference to serious medical need,  Plaintiff has suffered physical and reputational injury,  loss of job opportunity, loss of  career, attorney's fees, and severe emotional harm.

22. Plaintiff,  filed a sworn notice of claim on February 11, 2022, within 90 days after the claims alleged herein arose. The notice was served on Defendants.

23. At least 30 days has elapsed since Plaintiff served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

## <u>FOR THE FIRST CAUSE OF ACTION</u>
Excessive  Use of Force
42 U.S.C. § 1983

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 16-23 of this Complaint with the same force and effect as if fully set forth herein.

25.   That Officer Defendant John Doe hit Plaintiff in his face thereby causing an orbital fracture behind Plaintiff's left eye.

26.   That the City of Poughkeepsie Police Officers Robert Haberski, David Vandemark, Joseph Whalen seized Plaintiff, and threw him on the ground with force and violence, right after Plaintiff had been punched in his face by Trooper John Doe.

27.   That Plaintiff was standing with his hands up, was not armed, and did not pose a threat to the Officer Defendant nor did Plaintiff pose a threat to the public or to himself.

28.   That the Officer Defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

29.   That Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

30.   That Officer Defendants used force on Plaintiff more than once.

31.   That the officers did not have to use force on Plaintiff because Plaintiff had his hands up, and was not armed.

32.   That the officers assaulted and battered Plaintiff and use unnecessary and excessive force against Plaintiff.

33.   That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

34.   By Using unnecessary and excessive force on Plaintiff,  the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

**FOR THE SECOND CAUSE OF ACTION**

Deliberate Indifference to Serious Medical Need against all Officer Defendants

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 24-34 of this Complaint with the same force and effect as if fully set forth herein.

36. That the officer defendants observed and were informed that Plaintiff suffered serious injuries; Plaintiff was bleeding on his face and complaining of pain in his eyes and head, and his hand.

37. It would have been obvious to a lay person and was or should have been obvious to the officer defendants that Plaintiff's injuries required prompt, immediate medical attention.

38. However, instead of transporting Plaintiff immediately to the emergency room, the officer defendants transported Plaintiff to the City of Poughkeepsie Police Station for processing, which took a considerable time thereby delaying medical care to Plaintiff for his serious medical needs.

39. It took more than two hours since the arrest, for the officers to take Plaintiff to the hospital.

40. At the hospital, Plaintiff was informed he has an orbital and left middle finger fractures, and that he needed an emergency surgery.

41. The doctor informed Plaintiff that normally a middle finger fracture requires only a soft cast, and an orbital fracture does not require surgery. However, because it took too long for Plaintiff to report to the hospital, a surgery would now be required for both surgeries.

42. Defendants knew that Plaintiff had  sustained severe and serious injuries which required treatment.

43. Notwithstanding this knowledge, Defendants refused to take Plaintiff to the hospital in a timely fashion, and refused to ensure that Plaintiff received proper treatment in a timely manner and fashion.

44. In doing so, Defendants exhibited a deliberate indifference to the health, safety, welfare and medical needs of Plaintiff, in violation of Plaintiff's constitutional rights as secured by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

45. As a result of Defendants' deliberate indifference to the medical needs of Plaintiff, Plaintiff Johnson suffered severe and permanent injuries.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs

## <u>FOR THE THIRD CAUSE OF ACTION</u>
Fourteenth ,Fifth, Eighth Amendments-Deliberate Indifference to Serious Medical Need against HSA Lorraine Levitas

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 35-45 of this Complaint with the same force and effect as if fully set forth herein.

47. That Plaintiff had a diagnosis of left orbital floor and left middle finger fractures  on December 8, 2022.

48. That  a surgery was recommended  by numerous doctors , and was supposed to be scheduled on May 3, 2022.

49. That Plaintiff's injuries were getting worse and painful.

50. That Plaintiff needed and still need an immediate and urgent surgery due to the fractures.

51. That Plaintiff has not received any medical treatment to alleviate his pain and suffering.

52. That HSA Levitas  is the nurse in charge of scheduling  medical appointment  for inmates who need medical treatment outside the Dutchess County Jail Medical Department.

53. That HSA Levitas is the nurse in charge of making arrangements for inmates who needed medical treatments and surgeries outside Dutchess County Jail Medical Department.

54. That HSA Levitas knew and had reasons to know that there was an excessive risk of Plaintiff's health, and disregarded the risk.

55. That HSA Levitas had been informed by Plaintiff's doctors that Plaintiff needed immediate surgery without delay for his injuries.

56. Notwithstanding this knowledge, Defendant HSA Levitas  refused to take Plaintiff to the hospital in a timely fashion, refused to follow strict Dutchess County Jail procedures and protocols regarding injured prisoners, and refused to ensure that Plaintiff received proper treatment.

57. That Plaintiff filed several grievances prior to getting a response from HSA Levitas.

58. That the doctors were ready for the surgery, however, were delayed by Defendant Levitas who failed to schedule it.

59. That HSA Levitas  did not take Plaintiff's medical needs seriously.

60. That HSA Levitas was deliberately indifferent to Plaintiff's health by failing to schedule Plaintiff for his surgeries.

61. In so doing, Defendants exhibited a deliberate indifference to the health, safety, welfare, and medical needs of Plaintiff, in violation of Plaintiff's constitutional rights as secured by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

62. As a result of Defendant's deliberate indifference to the medical needs of Plaintiff, Plaintiff Johnson suffered severe and permanent injuries.

   **WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOURTH CAUSE OF ACTION
Municipal Liability under 42 U.S.C. § 1983
(Against The City of Poughkeepsie )

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 46-62 of this Complaint .

64.  That the City of Poughkeepsie  failed to train and supervise its officers in the amount of force needed to make arrests,  and detain criminal suspects.

65.  That the City of Poughkeepsie  was deliberately indifferent in the training of City of Poughkeepsie Police Officers Robert Haberski, David Vandemark,  and Joseph Whalen concerning the use of excessive force.

66. The City of Poughkeepsie , as a policymaker , knew, and had reason to know to a moral certainty that its employees  Police Officers Robert Haberski, David Vandemark, Joseph Whalen would be facing the use of force in arresting, detaining criminal suspects.

67. That arresting, detaining  criminal suspects with the use of reasonable force  present its employees with a difficult choice of the sort that training and supervision would have made it less difficult for its employees.

68.  That the employees of the Poughkeepsie Police Department have in the past mishandled situations that involved  the use of excessive force in making arrest,  detaining criminal suspects. In *Robb v. Brewster*, 2022 U.S. Dist. Lexis 71060,   civil rights violation claim was brought against the City of Poughkeepsie for the acts of the Poughkeepsie City Police Officers for excessive force. In *Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809 (S.D.N.Y  2001), civil rights violation was brought against the City of Poughkeepsie for the acts of the Poughkeepsie City Police Department and its officers for excessive force. In *Nesheiwat v. City of Poughkeepsie*, 2013 U.S. Dist. Lexis 20215, civil rights violations, were brought against City of Poughkeepsie  for excessive force. In *Enny v. City of Poughkeepsie*, 2012 U.S. Dist. Lexis 103720, civil rights violation was brought against the City of Poughkeepsie for the acts of the Poughkeepsie City Police Department and its officers for excessive force.

69. That the City of Poughkeepsie failed to train, to supervise, and discipline its employees, and the City of Poughkeepsie was deliberately indifferent to the rights of the population of the City of Poughkeepsie, including that of Plaintiff.

70.  That the choice of the City of Poughkeepsie Police Officers Robert Haberski, David Vandemark,

Joseph Whalen, to use excessive force on Plaintiff, will always be prejudicial not only to Plaintiff's

constitutional rights but to the population of the City of Poughkeepsie as well.

71.  As a result of the foregoing, Plaintiff sustained great physical injury, conscious pain and suffering,

mental and emotional injuries and was otherwise harmed, damaged and injured.

**WHEREFORE**, the Plaintiff seeks judgment against the Municipality in the amount of One Million

($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PENDENT STATE LAW CLIAMS

72.  Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 63-71

of this Complaint with the same force and effect as if fully set forth herein.

73.  Plaintiff,  filed a sworn notice of claim on February 11, 2022, within 90 days after the claims

alleged herein arose. The notice was served on the City of Poughkeepsie, and the City of

Poughkeepsie Police Officers Robert Haberski, David Vandemark,  and Joseph Whalen.

74.  Defendant The City of Poughkeepsie demanded a hearing pursuant to General Municipal Law § 50-

h and said hearing was held.

75.  At least 30 days has elapsed since Plaintiff served his notice of claim, and adjustment or payment of

the claim has been neglected or refused.

**FOR THE FIFTH CAUSE OF ACTION**
Assault & Battery against the City of Poughkeepsie Defendants
New York State Constitution, art. I, § 12

76.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 72-75 with the same force and effect as if fully set forth herein.

77. That the officers had physical contact with Plaintiff, threw him on the floor with force and violence thereby causing a fracture to his left middle finger.

78. That Plaintiff had his arms up, and was not a threat to the officers.

79. That individual Officer Defendants wrongfully and illegally placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

80. That the aforesaid acts were unprivileged.

81. The unlawful acts of the officer defendants were taken within the scope of their employment.

82. The unlawful acts of the City of Poughkeepsie Defendants were the direct, proximate cause of Plaintiff's injuries.

83. As a result of the City of Poughkeepsie Defendants' conduct, Plaintiff  has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SIXTH  CAUSE OF ACTION
Intentional Infliction of Emotional Distress under New York State Law
(Against City of Poughkeepsie Officer Defendants)

84. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 76-83 of this Complaint with the same force and effect as if fully set forth herein.

85.  That the officer defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

86.  That City of Poughkeepsie Officer Defendants seized Plaintiff  with violence, and threw Plaintiff on the ground with force  thereby causing him a left middle  finger fracture.

87.  That the officer defendants detained Plaintiff, and took him for booking instead transporting Plaintiff's to the hospital for his immediate and serious medical needs.

88.  That Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

89.  That the conduct of the officers defendants was extreme and outrageous and was intended to cause and did cause severe emotional distress.

90.  That the acts and omissions of the officer defendants were taken within the scope of their employment.

91.   That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and

reputational injury, attorney's fees, severe emotional harm together with shock, fright,

apprehension, embarrassment, and humiliation.


   **WHEREFORE**, the Plaintiff seeks judgment against the Municipality in the amount of One

Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

**FOR THE SEVENTH  CAUSE OF ACTION**
Respondent Superior under New York State Law
New York State Constitution, art. I, § 12
(Against City of Poughkeepsie )

92. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 84-91

of this Complaint with the same force and effect as if fully set forth herein.


93. That  Police Officers Robert Haberski, David Vandemark,  and Joseph Whalen were and are still

employees of the City of Poughkeepsie.


94. That the Officer Defendants were acting within the scope of their employment as police officers of

the City of Poughkeepsie Police Department.


95. That the Officer Defendants were employees of the City of Poughkeepsie at the time of the incident

with Plaintiff.

96. That the Officer Defendants committed assault, battery,  and excessive force on Plaintiff while on

duty, and while working for the City of Poughkeepsie.

97. That the acts committed by the officers were committed in furtherance of the City of Poughkeepsie's business, and within the scope of employment.

98. That Defendant, City of Poughkeepsie was responsible as employer of the individual Officer Defendants under the doctrine of *respondent superior*.

99. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct towards Plaintiff.

100.   That Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as City of Poughkeepsie Police Officers. Said acts were beyond the scope of their employment, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the New York State Constitution.

101.   That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm together with shock, fright, apprehension, embarrassment, and humiliation.

### **JURY TRIAL DEMAND**

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
        November 25, 2022

By:    /s/ryannekonan

                                    Ryanne Konan, Esq.
                                    4 Marshall Road, Suite 107
                                    Wappingers Falls, NY 12590
17                                  Tel: (845) 309-3432
                                    Fax: (845) 231-0508